JEFFERSON *et al. v.* NEW YORK EL. R. CO. *et al.*

(*Supreme Court, General Term, First Department.* October 24, 1890.)

1. PLEADING—MISJOINDER OF CAUSES—WAIVER.
    The complaint in an action to restrain the future maintenance of an elevated railroad in front of plaintiff's premises, alleged to be injured thereby, also claimed· damages for the injuries alleged. *Held,* that the objection for misjoinder of causes of action, not having been taken by demurrer to the complaint, as provided by Code Civil Proc. N. Y. § 499, was waived.

2. JURY—RIGHT TO JURY TRIAL.
    Where the principal object of an action was to restrain defendants from maintaining a railroad, although damages were also claimed for injuries to property caused by the railroad, a motion for a trial by jury, addressed to the whole case, was properly denied.

3. EVIDENCE—EXPERT TESTIMONY.
    To show the decrease in the value of real estate, caused by the operation of an elevated railroad in the street in front of it, the judgment of real-estate brokers acquainted with property in the vicinity, as well as with the premises and their rental value, is competent.

4. EMINENT DOMAIN—COMPENSATION—ALLOWANCE FOR BENEFITS.
    Where injuries to real estate are alleged to have been caused by the maintenance of an elevated railroad in a city street, evidence that property in that part of the. city had been improved in value since the railroad was put in operation is not available to defendants. To justify any reduction for benefits, it must be shown to what extent the railroad had enhanced the value of the particular property.

Appeal from special term, New York county.

Action by Susan Jefferson, Jr., William Jefferson, Thomas Jefferson, and Edwin Jefferson, against the New York Elevated Railroad Company, the Metropolitan Elevated Railway Company, and the Manhattan Railway Company, to restrain defendants from maintaining and operating their elevated railroad in front of plaintiffs' premises, and for damages caused by such maintenance and operation. Code Civil Proc. N. Y. § 499, provides that, if certain objections which are ground for demurrer to a complaint, among them, "that causes of action have been improperly united," (section 488,) appearing on the face of the complaint, are not taken by demurrer, "the defendant is deemed to have waived" such objection. From a judgment for plaintiff, rendered upon trial by the court, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Davies & Rapallo,* (*Brainard Tolles,* of counsel,) for appellants. *Sackett & Bennett,* (*Charles Gibson Bennett,* of counsel,) for respondents.

DANIELS, J. The plaintiffs have recovered judgment enjoining and restraining the defendants, after the expiration of 60 days, from maintaining or using their elevated railway and structure in front of the plaintiffs' premises, on the easterly side of Ninth avenue, 75 feet and 5 inches southerly from Sixtieth street, subject to the right of the defendants· to terminate or avoid the restraint by tendering, within 50 days, to the plaintiffs, for execu-

tion by them, a deed conveying to the defendants the easements found to have been appropriated by them in front of such premises, and at the same time paying the plaintiffs the sum of $4,000, with interest thereon from the date of the judgment. The judgment also awarded to the plaintiffs the sum of $2,000 for the damages sustained by them, and by them and two other persons, who had previously been tenants in common with them of these premises, by the taking and using by the defendants of the easements of light and air appertaining to the premises, and provided for the collection of such damages by execution. The other tenants in common had assigned their claim for damages, and had conveyed their undivided shares to the plaintiffs. The assignment set out in the case has not been made to include all the plaintiffs as assignees, but its failure to do so has probably been caused by a defect in printing it; for upon the trial, and in the briefs of counsel and the decision of the court, it has been uniformly referred to as an assignment of these damages to the plaintiffs. It may therefore be assumed to have been in form to all the plaintiffs, instead of the two mentioned in the case.

The defendants have objected to this part of the recovery as unauthorized in an action brought, as this mainly was, to restrain and prevent the future maintenance and use of the elevated railroad in front of the plaintiff's premises; but, if they could have taken advantage of this as a misjoinder of causes of action, that should have been done by demurrer, as it appeared on the face of the complaint. That was not done, and, by the express provision of the Code of Civil Procedure, the omission waived the objection. At the opening of the trial the defendant moved that the action should be sent to the calendar of cases, to be tried by a jury; but that was denied, and the defendants' counsel excepted. This motion was addressed to the whole case, and not merely to that part of it which included the damages allowed. The court was asked to send the entire action to be tried by a jury, but that it could not lawfully do on such a motion, for its principal object was to restrain and enjoin the defendants from maintaining and operating the railroad, and so far it was certainly an action in equity. The objection taken to this disposition of the motion has therefore no legal support.

Objections were also taken to the competency of persons to testify concerning the decrease in the value of the premises because of the existence and operation of the railroad, and to the evidence expected to be elicited by the answers. The court allowed the witnesses to answer, and the defendants' counsel excepted. But as the witnesses were shown to have been engaged as brokers in the real-estate business, and were acquainted with the property in the vicinity of these premises, and with the premises themselves, and their rental value also, there was no error in permitting them to express their judgment on these subjects. It is the only manner in which such facts can be proven, and no authority would have justified the exclusion of the answers because of the incompetency of the witnesses. The testimony proposed to be obtained was also competent, relevant, and material.

The further objection that the questions included all the damages due to the railroad, and not the damages due to taking the plaintiff's easements, has plausible, though not real, ground of support; for it is evident from the entire evidence of these witnesses that they understood that they were to give their judgment as to the reduction in the value of the premises by reason of the taking of these easements and their contamination from the smoke and cinders by the use that was made of this structure; and that was the understanding of the court of the effect of this evidence, for the decision and the judgment have both been restricted to these subjects as the basis of relief. But if the witnesses had understood the questions in the broader sense mentioned by the defendants' counsel, there was no error in receiving their answers, for at that time it had not been shown that the defendants had any legal right to construct or maintain the railroad in this part

of Ninth avenue; and, in the absence of that proof, the plaintiffs were entitled to redress for maintaining the railroad as an unlawful structure in this public street.

Reliance has also been placed upon the refusal of the court to find that the maintenance and operation of the station and railway have been a benefit to these premises. There was evidence given on the part of the defendants that the property in that part of the city had been improved in value since the railroad was built and put in operation, but no assignable benefit to this particular property from that cause was proved; and the plaintiffs' witnesses gave their judgment of the difference in value with the entire situation before them, and the court acted upon that in the decision which was made. No advantage could have been secured to the defendants if the court had found this fact in their favor. It would not have secured to them the right to have the amounts allowed reduced to any extent, and the error, if such it should be held to be, was no source of injustice to the defendants. If they had intended to claim any benefit from the evidence, it should have gone further, and shown to what extent the railroad had enhanced the value of this property; for without this additional evidence, even this finding would have justified no allowance or reduction whatever to the defendants on the fact of such benefit.

The fact that the existence of the railway and the station, which was immediately south of the south line of the premises, rendered them more accessible than they otherwise would have been is equally without benefit to the defendants, if it had been found, as requested. It would not have reduced the difference between the value of the premises from the appropriation of these easements, nor the amounts included in the judgment, to any appreciable extent; nor could the other finding refused, that the cause of action, which had come to the plaintiffs by the assignment, could not be enforced in this equity action. The damages claimed under that assignment seem to have been so connected with the subject of the action as to make them the proper subject of adjustment in this suit. But if that should be held otherwise, the judgment would not be affected; for the defendants, by not raising this objection in the time and manner assigned for that object, have deprived themselves of the right to raise it now. The case was a meritorious one, and there is no legal cause for interfering with the disposition made of it at the trial. The judgment should be affirmed with costs.

VAN BRUNT, J., concurs in the result only.

BRADY, J., concurs.